IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1211 |
| | ) |
| RHJ MEDICAL CENTER, INC., et al., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending are cross Motions for Judgment on the Pleadings. (Docket Nos. 32 and 34). The parties have responded thereto. (Docket Nos. 40, 42, 43 and 46). After careful consideration of the same and for the reasons set forth below, the Plaintiff's Motion for Judgment on the Pleadings (Docket No. 32) is granted and Defendants' Motion for Judgment on the Pleadings (Docket No. 34) is denied.

### I. STANDARD OF REVIEW

Pursuant to Rule 12(c), a judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988), *quoting Society Hill Civic*

*Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In reviewing the grant of a Rule 12(c) motion, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* I, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, No. 2006 WL 707474, *3 (3d Cir. 2006), *quoting Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

## II. DISCUSSION

This is a declaratory judgment action filed by Plaintiff, Selective Way Insurance Company ("Selective Way") against RHJ Medical Center, Inc., Rudolph Antonicic, III, M.D. a/k/a/, Rudy Antonicic, III, M.D. a/k/a/ Rudolph Antonicic, M.D. (collectively referred to as "Defendants"). (Docket No. 1). RHJ Medical Center ("RHJ") is a clinic that provides treatment to patients. Rudolph Antonicic was engaged in the practice of medicine at RHJ. Selective Way issued a business owners liability policy, Policy No. S1394878 ("the policy"), to RHJ. (Docket No. 1, Ex. B). In an underlying action filed in state court, Defendants were sued by Diane L. Demorest, individually and as Administratrix of the Estate of Candace S. Cohen, Deceased.[1] (Docket No. 1, Ex. A). Selective Way has provided a Defendants with a defense in the underlying action based on a reservation of rights. (Docket No. 1, Ex. C). Selective Way then filed this declaratory judgment action in this court.

Under the insuring agreement, Selective Way agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury',

---

[1] The underlying action is filed in the Court of Common Pleas of Westmoreland County at docket number 1361 of 2006.

'property damage', 'personal injury', or 'advertising injury' to which this insurance applies." (Docket No. 1, Ex. B, p. 1 of 15). Under the policy exclusions, coverage is specifically excluded as follows:

> **j. Professional Services**
>
> > "Bodily injury", "property damage", "personal injury" or "advertising injury" due to rendering or failure to render any professional services. This includes but is not limited to:
> >
> > \* \* \*
> >
> > (4) Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
> >
> > (5) Any health or therapeutic service treatment, advice or instruction;
> >
> > (6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

(Docket No. 1, Ex. B, pp. 5-6 of 15).

Selective Way asserts that the underlying complaint asserts claims of professional liability only and, as such, it is not obligated under the policy to afford coverage or provide Defendants with a defense in the underlying action. (Docket No. 32). In opposition, Defendants assert that some of the allegations in the underlying complaint sound in general negligence and, as such, Selective Way is obligated to provide it with a defense. (Docket No. 34). Specifically, Defendants assert that the following allegations in the underlying complaint fall under general, as opposed to professional, negligence:

>  (g)  In failing to warn, or attempt to warn, the Decedent that she was in danger of harm by Defendant, Jeffrey West;
>
>  (h)  In failing to warn, or attempt to warn, the Decedent after Jeffrey West specifically identified the Decedent as the intended victim of imminent and serious bodily injury;
>
>  (i)  In concealing from the Decedent the nature, extent and severity of threats by Defendant Jeffrey West against her;
>
>  (j)  In failing to properly act upon the threats made by Defendant Jeffrey West towards the Decedent;
>
>  *  *  *
>
>  (l)  In breaching its duty to the Decedent by failing to exercise reasonable care to protect the Decedent....

(Docket No. 43, pp. 6-7, *citing,* Docket No. 1, Ex. A, ¶¶41, 44; Docket No. 44, pp. 6-7, *citing,* Docket No. 1, Ex. A, ¶¶41, 44). All of these allegations, however, arise from a professional duty. *See, Emerich v. Philadelphia Center for Human Development*, 544 Pa. 209, 720 A.2d 1032 (1998)(Therein, the Pennsylvania Supreme Court held that when a mental health professional determines, or should have determined, that a patient presents a serious danger of violence to another, that mental health professional has an affirmative duty to warn the intended victim.). In fact, the underlying plaintiff states that she is asserting a professional liability claim against Defendants. *See*, Underlying Complaint (Docket No. 1, Ex. A, ¶¶4-7).

Defendants further assert that because RHJ employs persons who are not medical professionals but are responsible for meeting with patients and assisting in methadone treatment, there is no special relationship or duty created when a patient speaks with one of its employees, such as the secretaries and counselors.

(Docket No. 43, pp. 8-9). A review of the underlying complaint reveals, however, that the allegations are for the psychological, therapeutic, and medical treatment of Jeffrey West. (Docket No. 1, Ex. A, ¶¶ 21-25). Clearly, the underlying complaint alleges a mental health professional-patient relationship giving rise to a duty to warn. *Id.* There are no allegations in the underlying fact pleading complaint[2] regarding a duty of the secretaries, counselors, or other staff persons to warn. *See,* Docket No. 1, Ex. A. Thus, I find no merit to this argument. Consequently, viewing these allegations in the light most favorable to Defendants, I find no fact remains at issue, based on the pleadings, that the underlying complaint asserts only claims arising out of professional duty of Defendants.

Accordingly, a judgment on the pleadings in favor of Plaintiff, Selective Way, is warranted such that it is not required to provide Defendants with a defense or coverage for the underlying action pending in the Court of Common Pleas of Westmoreland County at Docket No. 1361 of 2006.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER OF COURT

AND NOW, this **1st** day of June, 2007, after careful consideration of the Cross-Motions for Judgment on the Pleadings (Docket Nos. 32 and 34), and the related submissions, it is ordered that said Plaintiff's Motion (Docket No. 32) is granted and Defendants' Motion (Docket No. 34) is denied. To that end, it is further ordered that

---

[2] Pennsylvania requires fact pleading. Pa.R.C.P. 1019.

a judgment on the pleadings in favor of Plaintiff, Selective Way, is entered and Plaintiff is not required to provide Defendants with a defense or coverage for the underlying action pending in the Court of Common Pleas of Westmoreland County at Docket No. 1361 of 2006

A second Case Management Conference on Defendants' Third-Party Complaint is scheduled for June 13, 2007 at 2:30 P.M. before the undersigned in Suite 3280, Third Floor of the U.S. Post Office & Courthouse. Counsel shall have settlement authority and parties are to be available by telephone. In addition, counsel are to fax their position statements three (3) days before the Conference.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge