IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>) Civil Action No. 06-1211<br>vs. )<br>)<br>RHJ MEDICAL CENTER, INC., )<br>RUDOLPH ANTONCIC, III, M.D. a/k/a )<br>RUDY ANTONCIC, III, M.D. a/k/a )<br>RUDOLPH ANTONCIC, M.D., )<br>)<br>Defendants and Third-Party )<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SHAND MORAHAN & COMPANY, INC. )<br>d/b/a EVANSTON INSURANCE )<br>COMPANY, )<br>)<br>Third-Party Defendants. ) | |

AMBROSE, Chief District Judge

**MEMORANDUM OPINION**

In my Opinion and Order, dated December 12, 2008 [Docket No. 91], I held that third-party defendant Evanston Insurance Company ("Evanston") had no obligation to defend and/or indemnify third party Plaintiffs under the unambiguous terms of the Specified Medical Liability Insurance Policy, policy no. SM-835629 (the "Policy"), and granted summary judgment dismissing the third-party complaint against Evanston. I did not grant summary judgment dismissing the third-party complaint against Shand Morahan & Company, Inc. ("Shand"), since it

1

did not appear from the record that Shand itself, or counsel authorized on its behalf, had moved for summary judgment.

Shand has now submitted a motion for summary judgment dismissing the third-party complaint as against it. [Docket No. 92.] In support of its motion, Shand has submitted the Declaration of Frances O'Connell, dated April 18, 2008 [Docket No. 94-3]. Ms. O'Connell is Vice President of Markel Shand, Inc. (Id. at ¶ 1.) Ms. O'Connell avers that Shand and Evanston are separate corporations and that Shand is not an insurer, but acts as the underwriting manager and claims representative for Evanston. (Id. at ¶¶ 3-4.) Moreover, the Policy defines the insurer as Evanston. [Docket No. 94-2, at 6.] Even if Shand were the insurer, my prior finding that the Policy does not provide coverage for the underlying lawsuit would apply equally to Shand.

Third-party Plaintiffs have failed to present any evidence beyond an unverified internet search [Docket No. 89-2] to dispute Shand's evidence that it is a separate entity from Evanston, not an insurer, and not the named insured under the Policy.

Accordingly, I grant Shand's motion for summary judgment dismissing the Third-Party Complaint against it.

## Conclusion

Based on the foregoing, Shand's motion for summary judgment dismissing the Third Party Complaint against it is granted.

## ORDER OF COURT

Having carefully considered Shand's motion for summary judgment [Docket No. 92] and Third Party Plaintiffs' opposition thereto [Docket No. 95], it is hereby ORDERED that Shand's motion for summary judgment dismissing the third-party complaint is GRANTED.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U.S. District Judge